IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAHISHA KING, et al.,

              **Plaintiffs,**

v.                                                                      1:04-cv-2618-WSD

ADVANCE AMERICA, et al.,

              **Defendants.**

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand [3]. Plaintiffs filed this action in the State Court of Cobb County, Georgia, on August 6, 2004. It is one of several cases in which one or more plaintiffs, on behalf of themselves and a putative class of consumers, assert state-law claims against Georgia payday loan businesses, alleging that the loan transactions between the parties violated Georgia law. In each of these cases, the defendants removed the case to this Court on the basis of federal-question jurisdiction and, in some cases, diversity jurisdiction as well. The plaintiffs in these cases have moved to remand, arguing that the grounds for jurisdiction set out in the defendants' notices of removal do not support the exercise of federal jurisdiction.

The Court's consideration of the plaintiffs' motions to remand has been stayed pending the appeal in BankWest, Inc. v. Baker, Case No. 1:04-cv-988-MHS, which raised related issues concerning state-law regulation of Georgia payday loan businesses.  Shortly after the Eleventh Circuit issued its decision in BankWest, the Court directed the parties in these cases to submit supplemental memoranda addressing the impact of the BankWest decision on the payday loan cases before this Court and to make any further arguments in support of or in opposition to the plaintiffs' motions to remand.  The parties have submitted their respective memoranda, and the plaintiffs' motions to remand are now before the Court for decision.

The Court today has entered an order in Strong v. First American Cash Advance of Georgia, LLC, Case No. 1:04-cv-2610-WSD, granting the plaintiffs' motion to remand in that case.  Because the arguments made in support of and in opposition to remand are the same in this case, the order in Strong v. First American Cash Advance of Georgia, LLC applies with equal force here. Accordingly, for the reasons set out in the Court's order in that case,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [3] is

**GRANTED** and the Clerk of Court is **DIRECTED** to **REMAND** this action to the State Court of Cobb County, Georgia.

**SO ORDERED**, this 12th day of December, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE